JS-6

**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 14-02302-VAP (SPx)                          Date:  December 9, 2014

Title:     U.S. BANK N.A., ETC. -v- JOHN CRUZ, ET AL
================================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                              None Present
    Courtroom Deputy                       Court Reporter

ATTORNEYS PRESENT FOR        ATTORNEYS PRESENT FOR
PLAINTIFFS:                           DEFENDANTS:

    None                                       None

PROCEEDINGS:       MINUTE ORDER REMANDING CASE TO CALIFORNIA SUPERIOR COURT, COUNTY OF SAN BERNARDINO (IN CHAMBERS)

    Defendant Walter Corpuz,[1] appearing in <u>pro se</u>, has removed this case for the second time.[2]  (Doc. No. 1 ("Removal").)  This Court previously remanded this case to the California Superior Court on October 27, 2014.  <u>See</u> <u>U.S. Bank N.A. v. Cruz</u>, 5:14-cv-02058-VAP-SP (filed on Oct. 6, 2014) (Doc. No. 7).  This Court held remand

---

    [1]    John Cruz is the other Defendant in this case.

    [2]    Defendant removed this case on November 10, 2014.  The case was assigned to this Court on November 24, 2014, after it was transferred from Hon. Jesus Bernal, U.S. District Judge.

MINUTES FORM 11                                          Initials of Deputy Clerk <u>md/wr</u>
CIVIL -- GEN                              Page 1

EDCV 14-02302-VAP (SPx)
U.S. BANK N.A., ETC. v. JOHN CRUZ, ET AL
MINUTE ORDER of December 9, 2014

was required because it lacked subject-matter jurisdiction over this case, since Plaintiff U.S. Bank N.A.'s only claim is for unlawful detainer.  Id.

In this removal, Defendant contends removal is proper because he "cannot obtain a fair trial in State court."  (Removal at 2.)  A belief that state court judges are "bought and paid for" (id.) is, however, an insufficient basis for removal.

Defendant appears to contend removal is proper because he alleges a federal defense.  Federal courts have jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The existence of a federal defense (by itself) does not, however, raise a federal question; it is therefore an insufficient basis to invoke federal question jurisdiction under 28 U.S.C. § 1331, and consequently cannot support removal of an action.  Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).

Defendant also contends removal is proper under 28 U.S.C. § 1332 because complete diversity of citizenship exists and the amount in dispute exceeds $75,000.  (Id. at 3.)  Defendant cannot meet the amount-in-controversy requirement.  In unlawful detainer actions, only the right to possession is at issue, not the title to the property.  See Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977).  Thus, the amount-in-controversy is determined by the amount of damages sought in the complaint, rather than the value of the subject real property.  Id.  Plaintiff filed this action as a "limited jurisdiction" case, where the amount-in-controversy does not exceed $10,000.  (See Compl. at 1.)  As such, this case cannot meet the $75,000 amount-in-controversy requirement for diversity jurisdiction.  See 28 U.S.C. § 1332.

Thus, Defendant has not met his burden of establishing that the case is properly in federal court.  Gaus, 980 F.2d at 566.  Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino, and DENIES Plaintiff's ex parte application as MOOT (see Doc. No. 9).

EDCV 14-02302-VAP (SPx)
U.S. BANK N.A., ETC. v. JOHN CRUZ, ET AL
MINUTE ORDER of December 9, 2014

    The Court cautions Defendant that if he attempts to remove this action again, the Court will entertain a motion filed by Plaintiff, upon proper notice to Defendant, for sanctions.  These sanctions may include, but are not limited to, monetary sanctions or a declaration that Defendant is a vexatious litigant subject to certain restrictions on filing future cases in federal court.

    **IT IS SO ORDERED.**